### MILLER v. BANKER.
### No. 9500.

Court of Civil Appeals of Texas. Galveston. Jan. 29, 1931.

Rehearing Denied March 4, 1931.

Boyles, Brown & Scott, and Frank G. Dyer, all of Houston, for appellant.

J. H. H. Dennis and J. H. H. Dennis, Jr., both of Wharton, for appellee.

GRAVES, J.

Appellant sought to recover of the appellee $25,000 as his commission, or as the reasonable value of his services, on the sale by the latter of his 240 acres of land on the Boling sulphur dome in Wharton county to the Gulf Production Company on December 27th of 1927 for $500,000, declaring the claimed sum to be due him under the terms of this written contract:

"Iago, Texas, November, 29th, 1927.
"Mr. A. R. Miller, Second National Bank Bldg., Houston, Texas.

"Dear Sir: I herewith authorize you to sell my land in fee being 240 acres out of the Missouri Land Subdivision, and being Lots Nos. 10, 11, 12, 13, of the above named subdivision and being a part of the S. F. Austin 3-⅕ Leag. in Wharton County, Texas, I am to reserve all my oil and gas royalty.

"It is further agreed that I will furnish abstract and allow 15 days to examine title.

"I also further agree if property is sold by you or me to pay you a 5% commission out of the first cash consideration only. Any consideration offered for this property must be submitted to me and price must be accepted by me before you close any deal. This commission does not include any oil gas sulphur royalties retained by me.

"You will acknowledge your acceptance of this letter by signing your names to the bottom of this letter.

"Yours truly,
"[Signed] Willie Banker, Jr.
"[Signed] A. R. Miller.
"Accepted."

Appellee answered by demurrer and denial, both general, as well as by special plea, wherein he alleged, substantially, that at the time of such sale the declared upon contract between the two parties had been terminated, and that the sale had been effected by others than appellant.

The cause was submitted to a jury on these special issues:

"No. 1. Did the Defendant, Willie Banker, Jr., act in good faith in withdrawing his contract from the plaintiff on the 19th day of December, 1927, and stating to the plaintiff that he had withdrawn his land from the market?

"No. 2. Was the time from the 29th day of November, 1927, to December 19, 1927, a reasonable time in which the plaintiff should have consummated the sale of the Willie Banker land under said contract?

"No. 3. Was the plaintiff, A. R. Miller, the procuring cause of the sale by the defendant, Willie Banker, Jr., of said property to the Gulf Production Company?"

On the return of a verdict answering No. 1, "Yes," No. 2, "It was," and No. 3, "He was not," judgment was rendered in appellee's favor; from that decree this appeal regularly proceeds.

In assailing this adverse determination below, appellant's contentions are that the trial court prejudicially erred:

First, in submitting each of the quoted issues, and in not submitting his requested special issues 1 to 5, embodying inquiries on (1) whether or not appellee, in order to procure the return to him of the contract between them, represented to appellant that he was taking the land off the market; (2) whether or not the property was actually taken off as represented; (3) whether or not appellant believed and relied on these representations; and (4) whether or not appellee took the property off the market for the purpose of defeating appellant's claim for his commission.

Second, in not submitting his specially requested issues 6 and 7, asking whether he had performed services of value to the appellee in connection with the sale referred to, and, if so, what the reasonable value thereof was.

Third, in admitting over his objection testimony tending to show that, contemporaneously with the execution of the quoted contract between them, the parties orally agreed that it might be canceled at any time by the appellee.

In the state of the record, we think none of these presentments should be sustained, concluding rather that the trial court's theory of the case, as reflected in given issues 1 and 2, correctly comprehended all the material questions raised by the pleadings and proof, and that the jury's unattacked verdict upon them, there being no contention that it lacked support in the evidence, entitled the appellee to the judgment accorded.

The undisputed evidence—indeed the direct testimony of both litigants themselves—was to the effect that the quoted contract, which was in the form of a letter, was withdrawn from appellant by appellee on December 19 of 1927 under the statement of the latter at the time that he had taken the property off the market, and that on the ensuing 27th of that month he sold it through a different intermediary to the Gulf Company for a half million dollars; there was decided conflict between the two as to whether or not, on or before the original signing and delivery of the letter between them, it had been further agreed verbally that appellee might withdraw it at any time, but none as to the occurrences just stated; so that, irrespective of the testimony pro and con on that disputed question and whether or not it was admissible, the un-controverted facts remain that the declared upon letter was returned by appellant to the appellee on the 19th of December, and that the sale by the latter to the Gulf Company in the manner stated followed on the 27th of the same month.

Under other facts so appearing, as indicated, we regard as immaterial considerations whether the alleged express agreement to withdraw the letter at any time was made and whether appellant was the procuring cause of the sale, since we think the contract—that fixed neither time, place, nor price at or within which a sale might be effected—independently of them gave the appellee the right after the lapse of a reasonable length of time during which no negotiations therefor had been successful to revoke the limited authority it conferred on appellant to sell his land, provided he acted in good faith toward the latter in the revocation; therefore all that was legally material in appellant's requested issues 1 to 5, inclusive, was, in substance, embraced within the first two issues the court gave.

As its terms, along with what were shown to be the circumstances attending its execution and delivery, unmistakably indicate this was not the usual and ordinary contract whereby the owner of land employs the real estate agent to find a purchaser ready, able, and willing to buy his property in accord with the stipulated price, time, place, terms, and other specified conditions, but plainly contemplated a mere short-time authorization during its life to sell land that had already within the knowledge of both parties not only become very desirable for sulphur exploitation but also susceptible to rapid fluctuations in market value; in addition to that, it also uncontrovertedly appeared: (1) Appellant had not first found the Gulf Company as a prospective purchaser for this land, the appellee having been negotiating with it direct prior to any approach of his; (2) the appellee

originally gave appellant the sum of $500,000 as his price on the property and never thereafter reduced it with him, whereas the highest offer the latter was ever able to get from the Gulf Company for it was not above $350,-000 which the appellee at no time was willing to accept.

In view of all these conditions, the question of what was a reasonable time in the particular circumstances during which the appellant should have been able to bring about a sale, he having pleaded that no less than thirty days was such, was clearly one for the jury. Its unchallenged answer that the time accorded was sufficient settles that issue.

It is the same as to the issue of good faith on appellee's part in doing what both litigants testify he did do—withdrew the contract from appellant after the lapse of the time just referred to, and about a week thereafter made the sale through other parties to the same concern he had himself first dealt with at the price he had always held to in his dealings with appellant, and which was admittedly $150,000 in excess of the highest offer the latter had ever been able to obtain from such purchaser. That matter too was fully threshed out before the jury, and its finding thereon has not been attacked as being without support in the testimony; wherefore this court is bound thereby.

Further or more specific discussion of the assignments is deemed unnecessary, since these conclusions determine the merits of the appeal.

The trial court's judgment has been affirmed.

Affirmed.